IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEGAN RUNNION, a minor through her Mother and Next Friend, EDIE RUNNION,** | |
| Plaintiff, | Case No. 12 C 6066 |
| v. | Judge Harry D. Leinenweber |
| **GIRL SCOUTS OF GREATER CHICAGO and NORTHWEST INDIANA,** | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter Judgment and Plaintiff's Motion for Leave to File an Amended Complaint. For the reasons stated herein, the Court grants Plaintiff's motions.

### I. BACKGROUND

The Court presumes familiarity with its October 26, 2012 opinion and accordingly provides only a summary of the factual background. *See* ECF No. 29.

Plaintiff Megan Runnion ("Plaintiff") is a twelve-year old girl from Schaumburg, Illinois who is hearing impaired. She requires the assistance of a sign language interpreter to

communicate in group settings and alleges that Defendant Girl Scouts of Greater Chicago and Northwest Indiana (hereinafter, the "Defendant" or "GSGC") refused to provide her sign language interpreter services in August 2011.

On August 1, 2012, Plaintiff filed her Complaint in this Court alleging that Defendant violated Section 504 of the Rehabilitation Act of 1973 ("Section 504"). On September 11, 2012, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argued that Plaintiff's Complaint failed on jurisdictional grounds and failed to state a claim because Plaintiff did not allege that Defendant received federal financial assistance pursuant to Section 504.

This Court agreed and dismissed Plaintiff's Complaint on October 26, 2012. In its opinion, the Court noted that Plaintiff failed to establish that Defendant was either a private organization that received federal funding "as a whole" or an organization "principally engaged" in providing education or social services. *See* 29 U.S.C. § 794(b)(3)(A)(i)-(ii). On November 21, 2012, Plaintiff filed a Motion to Alter Judgment Pursuant to Rule 59(e) and a Motion for Leave to File an Amended Complaint.

## II. <u>LEGAL STANDARD</u>

Rule 59(e) gives the Court the power to reconsider and "rectify its own mistakes in the period immediately following the entry of judgment," thereby avoiding appeal. *U.S. E.E.O.C. v. Custom Companies, Inc.,* 02 C 3768, 2007 WL 1810495 (N.D. Ill. June 21, 2007) citing *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982). Reconsideration is appropriate in limited circumstances, such as where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law; or (5) there has been a controlling or significant change in the facts. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, No 07-1394, 2011 U.S. Dist. LEXIS 50894, at *5 (N.D. Ill. May 12, 2011).

Rule 15 governs Motions to Amend. This Rule grants a party leave to amend its pleadings once as a matter of course if the party amends twenty-one (21) days after service, or twenty-one (21) days after being served with a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts use their discretion under

Rule 15(a) to liberally grant leave to amend so long as there is not undue prejudice, undue delay, bad faith, or dilatory motive on the part of the movant. *Sides v. City of Champaign,* 496 F.3d 820, 825 (7th Cir. 2007). Additionally, if the Court determines amendment would be futile, the Court should refuse to grant leave. "Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Frerck v. John Wiley & Sons, Inc.*, No. 11-C-2727, 2013 WL 257061 at *1 (N.D. Ill. Jan. 23, 2013).

### III. <u>DISCUSSION</u>

Plaintiff argues that the Court erred in its October opinion by converting "an issue regarding one of the elements of Plaintiff's claim into an issue of jurisdiction." Pl.'s Mot. at 3. The Court disagrees with Plaintiff's characterization, but nonetheless finds Plaintiff's Motion well taken in light of the new allegations and evidence presented. *See* generally ECF No. 29 at 11 (stating "because Plaintiff's complaint fails to allege that Defendant satisfies the federal funding requirement, the Court finds the complaint fails to state to claim.").

In its October 2012 opinion the Court dismissed Plaintiff's Complaint because Plaintiff failed to allege that the program or activity from which Plaintiff was excluded received federal financial assistance as Section 504 requires. *See Grzan v. Charter Hosp. of Northwest Indiana,* 104 F.3d 116, 119 (7th Cir.

1997). The Court pointed out that in 1988 Congress amended the definitions of "programs" and "activities" and those amendments were particularly relevant with respect to Plaintiff's claims against Defendant – a private organization.

The 1988 amendment requires a party to allege that a private organization either receives federal funding "as a whole" or is principally engaged in the business of providing, (among other things) education or social services. *See generally* 29 U.S.C. § 794 (b)(3)(A)(i)-(ii). The Court explained that "if a private organization does not fall into one of the two categories announced in the 1988 amendment, then Section 504 is still "program specific."" ECF No. 29 at 9 citing *Winfrey v. City of Chicago*, 957 F.Supp. 1014, 1024 (N.D. Ill. 1997). This means that if a private organization does not fall in one of the two aforementioned categories, a party must allege that the specific program from which they were excluded receives federal funding.

Because the Court found the allegations set forth in Plaintiff's complaint failed to allege any of these possible scenarios, the Court found Plaintiff's complaint deficient. In making this finding, the Court considered the arguments set forth in Plaintiff's briefs and determined that amendment would be futile. As a result, the Court granted Defendant's motion to dismiss without granting Plaintiff leave to re-plead.

Plaintiff now submits new evidence which purports to establish that Defendant is a private organization that receives federal funding "as a whole." Plaintiff claims that in addition to the federally funded programs mentioned in her earlier filings, (which Plaintiff conceded she did not participate in), Defendant also receives federal financial assistance through its parent organization, the Girl Scouts of the United States of America (the "GSUSA"). Plaintiff contends that the receipt of the funds from GSUSA cause Defendant to be a private organization receiving federal financial assistance "as a whole." *See* 29 U.S.C. § 794(b)(3)(A)(i). As support, Plaintiff presents GSUSA's Form 990 from 2010. Plaintiff contends that this indicates that GSUSA received $2,669,632 in federal funds in 2010 and provided Defendant $322,399 in grants and other assistance.

Defendant argues that Plaintiff's new allegations are "woefully insufficient" in establishing that Defendant is private organization that is federally funded "as a whole." Defendant claims that the Form 990 Plaintiff presents is outside the relevant time period with respect to Plaintiff's claims of discrimination. Defendant also contends that Plaintiff failed to allege that the $322,399 grant Defendant received from the GSUSA is connected to the $2,669,632 GSUSA received from the federal government.

The Court finds Defendant's arguments entirely plausible, but in the same breath illustrative that this issue is one best suited for summary judgment. Accordingly, the Court grants Plaintiff's Motion to Alter Judgment and grants Plaintiff's Motion for Leave to File an Amended Complaint. The Court finds Plaintiff's new allegations "contain sufficient factual matter, [which] accepted as true, [] state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In light of this ruling, the Court instructs the parties to conduct limited discovery on the issue of whether Defendant is a private organization receiving federal financial assistance "as a whole." The Court finds support for proceeding in this fashion in *Staley v. National Capital Area Council, Boy Scouts of America,* No. RWT10-CV-2768, 2011 WL 2416724 (D. Md. June 9, 2011). In that case, a plaintiff claimed that the National Capital Area Council of the Boy Scouts (the "NCAC") violated the Americans with Disabilities Act and the Rehabilitation Act because it refused to provide the plaintiff sign language interpreter services. *Id.* at *1. After the court determined that NCAC was a private club and exempt from the ADA, the court considered whether the NCAC was exempt from the Rehabilitation Act because it did not receive the required federal financial assistance. *Id.* at *12. The court found the plaintiff's

allegations with respect to the issue plausible, particularly because of the plaintiff's lack of knowledge with respect to the financial workings of the NCAC. *Id.* Because of this, the court in *Staley* permitted the parties to conduct limited discovery on the issue of what federal financial assistance NCAC received. *Id.* at *12.

The Court finds the facts in this case analogous to the facts in *Staley*. While the Court acknowledges that the limited discovery could reveal that Defendant does not receive federal funding sufficient to fall under the purview of Section 504, to make such a finding at this juncture would be premature.

The Court notes that while this Order grants Plaintiff's Motions, it does so strictly on the basis of the new evidence Plaintiff presented with respect to Defendant being a private organization receiving federal financial assistance "as a whole." The Court does not find Plaintiff's arguments with respect to Defendant being an organization principally engaged in education or social services persuasive. Instead, the Court finds these arguments repetitive of Plaintiff's prior contentions which the Court addressed in its October 2012 opinion. *See* ECF No. 29 at 11-16. Arguments of this kind are inappropriate for motions to alter judgment. *See Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

- 8 -

In light of this, if Plaintiff wishes to re-file an Amended Complaint removing those allegations that claim Defendant is subject to Section 504 because it is principally engaged in education or social services, the Court grants Plaintiff thirty (30) days from the entry of this Order to do so.

## IV. CONCLUSION

For the reason stated herein, the Court grants Plaintiff's Motion to Alter Judgment and grants Plaintiff's Motion for Leave to File an Amended Complaint. The Court grants Plaintiff thirty (30) days to re-file an amended complaint in accordance with this Order.

**IT IS SO ORDERED.**

                     **Harry D. Leinenweber, Judge**
                     **United States District Court**

**Dated:** 03/12/2013