IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEGAN RUNNION, a Minor, Through her Mother and Next Friend, EDIE RUNNION,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**GIRL SCOUTS OF GREATER CHICAGO AND NORTHWEST INDIANA,**<br><br>     **Defendant.** | **Case No. 12 C 6066**<br><br>**Hon. Harry D. Leinenweber** |

## ORDER

The evidence shows that Defendant did not receive federal funds "as a whole." Therefore, Plaintiff cannot state a claim against Defendant under § 504 of the Rehabilitation Act. The Motion to Dismiss [ECF No. 41] is granted, and the case is dismissed with prejudice.

## STATEMENT

Plaintiff Megan Runnion, a hearing-impaired teenager, alleges that Defendant Girl Scouts of Greater Chicago and Northwest Indiana violated § 504 of the Rehabilitation Act of 1973 by failing to provide her with sign language interpreter services. The parties are engaged in a protracted dispute over whether Defendant is a federally-funded entity such that it is bound by § 504.

As the Court explained previously, Plaintiff can state a claim under § 504 only if the relevant program from which she was excluded receives federal financial assistance. 29 U.S.C. § 794(a). On October 26, 2012, this Court dismissed Plaintiff's claims for several reasons, including that Plaintiff failed to allege sufficiently that Defendant receives federal funding "as a

whole"; the dismissal was with prejudice because amendment was considered futile. 29 U.S.C. § 794(b)(3)(A); ECF No. 29 at 9. Five months later, however, on the basis of new evidence, the Court granted Plaintiff's Motion to Reconsider and granted Plaintiff leave to replead and supplement the allegation that Defendant receives federal financial assistance "as a whole." ECF No. 38 at 8. The Court instructed the parties to undertake limited discovery to determine "whether Defendant is a private organization receiving federal financial assistance 'as a whole.'" ECF No. 38 at 7.

The parties have provided the Court with evidence of Defendant's finances. The relevant time period begins in August 2011, because that is when the alleged discriminatory conduct commenced. ECF No. 39 ¶¶ 34-35. According to the declaration of Jill Hudson, Defendant's Vice President for Corporate, Foundation, and Government Relations, Defendant has never received any money from a federal agency directly; all federal funding has been received through either the Girl Scouts of the United States of America ("GSUSA") or a local government agency. ECF No. 42-2. During the 2011 Fiscal Year, which ran from October 1, 2010 to September 30, 2011, Defendant received indirect federal funding for specific programs; none of the federal money was for Defendant's general operations. ECF No. 42-2 ¶ 4. The money that Defendant did receive paid for specific programs, such as "Beyond Bars," "Design & Discovery," and "Girls in Space." *Id.* The story was the same for fiscal year 2012, when the federal financial assistance went to several specific programs, and not to Defendant's general operations. *Id.* at ¶ 5. Defendant has not received any federal funding since September 2012. *Id.* at ¶ 2.

Plaintiff does not allege that she participated in any of the programs for which federal money was designated. As discussed above, the only issue is whether Defendant received federal funds "as a whole." Previously, this Court defined the phrase "as a

whole" with help from a senate report from the Civil Rights Restoration Act of 1987, which modified the contours of federal financial assistance. ECF No. 29 at 8. The Court explained that "as a whole" refers to "situations where the corporation receives general assistance that is not designated for a particular purpose." *Id.* Thus, if a private company's use of federal funds is confined to a specific and limited purpose, the funding is not provided to the company "as a whole." Guidance from appellate courts is limited, but district courts appear to agree with this understanding of "as a whole." *See, e.g., Boswell v. SkyWest Airlines, Inc.,* 217 F.Supp.2d 1212, 1216 (D. Utah 2002); *Doe v. Salvation Army,* No. 05-CV-901, 2010 WL 4939628, at *7-9 (S.D. Ohio November 30, 2010), *rev'd on other grounds,* 685 F.3d 564 (6th Cir. 2012).

Plaintiff argues that federal money infused Defendant's programs. It is true that Defendant used federal money to pay portions of some of its employees' salaries. Federal money also paid for some equipment and materials. But the evidence indicates that those expenditures supported only the specific programs for which the money was designated. For the Girls in Space program, Defendant received the federal grant money only after Defendant had spent its own money and proved through payment vouchers, payroll records, and receipts that it had spent the money on Girls in Space only. ECF No. 50-2 ¶¶ 4-6. Defendant kept program supplies in a storage locker at the program site so that the supplies could not be used for any other program. ECF No. 50-2 ¶ 6. Given that the grant money does not even cover the entire cost of the program, ECF No. 50-1 at 59:6-13, it is especially unlikely that Defendant would use federal funds for a purpose other than the designated program.

Plaintiff has not submitted any evidence that Defendant's other programs followed less stringent procedures with their use of

federal money.  And there is no evidence to support Plaintiff's contention that federal money infused Defendant's finances or infiltrated any general accounts.  The evidence shows that while Defendant did receive federal money for specific programs, Defendant did not receive federal funds for general assistance and did not use its limited-purpose funds for any unrelated expenses.  Therefore, Defendant did not receive federal funds "as a whole."  Because Plaintiff cannot state a claim against Defendant under § 504 of the Rehabilitation Act, the Motion to Dismiss [ECF No. 41] is granted.  The case is dismissed with prejudice.

Dated:3/7/2014

					Harry D. Leinenweber, Judge
					United States District Court